IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SCHOFIELD-JOHNSON, LLC | ) | Case No. 09-81347 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This case came on for hearing on January 12, 2010 for consideration of the Motion to Dismiss or in the Alternative Motion to Lift the Automatic Stay (the "Motion to Dismiss"), filed by the United States on December 15, 2009. Anne E. Blaess appeared on behalf of the United States and Dirk W. Siegmund and W.Y. Alex Webb appeared on behalf of the above-referenced debtor (the "Debtor"). Upon review of the record in this case and the arguments presented at the hearing, the Court makes the following findings of fact and conclusions of law.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (G), and (O), which this Court has the jurisdiction to hear and determine.

**II. FACTS**

The Debtor is a limited liability company who owns a bank account, two parcels of real property, and an account receivable. On July 16, 2009, the Internal Revenue Service (the "IRS")

served a nominee levy on the Debtor's bank account.  The nominee levy was based on allegations by the IRS that Sammy Johnson, in an attempt to avoid paying his tax liability, transferred $1,000,000.00 to his wife, Victoria Johnson, the managing-member of the Debtor, who then transferred the money to the Debtor.  On August 7, 2009, the Debtor filed a wrongful levy action in the United States District Court for the Middle District of North Carolina.  The seizure of the bank account was scheduled for August 11, 2009.  On August 10, 2009, the Debtor filed its petition under Chapter 11 of the Bankruptcy Code.  On October 21, 2009, the United States, in response to the wrongful levy action in the District Court, filed a Motion to Dismiss for lack of personal jurisdiction and insufficient service of process.  On November 10, 2009, the Debtor filed an adversary proceeding in this Court, contesting the validity of the levy of the IRS.  Two days later, the Debtor voluntarily dismissed its wrongful levy action in the District Court.  On December 15, 2009, the United States filed the Motion to Dismiss.

### III. ANALYSIS

The United States moves to dismiss the Debtor's case for lack of good faith pursuant to Section 1112(b) of the Bankruptcy Code.  Good faith is an implicit prerequisite to the right to file a Chapter 11 petition. Carolin Corp. v. Miller, 886 F.2d 693, 699 (4th Cir. 1989).  In the Fourth Circuit, to dismiss a Chapter 11 case for lack of good faith, the moving party must show both objective futility and subjective bad faith. Id. at 700-01.  The objective futility prong of the Carolin test is designed to insure that the petition bears "some relation to the statutory objective of resuscitating a financially troubled debtor." Id. at 701 (quoting In re Coastal Cable TV, Inc., 709 F.2d 762, 765 (1st Cir. 1983)).

In ruling on this matter, the Court is guided by another Fourth Circuit decision, that of In

2

re Coleman, 426 F.3d 719 (4th Cir. 2005). In Coleman, the husband of the debtor owned a coal mining business that was in financial trouble. The business failed to pay its taxes. The IRS ruled that the husband was personally liable for the tax obligation. The IRS also ruled that the debtor was liable for taxes owed by her husband's business, and she appealed the ruling. As the business faltered, the husband sought loan extensions from the bank that had a lien on the assets of the business. The debtor and her husband agreed to execute two deeds of trust in favor of the bank to secure the husband's personal guaranty, which the bank required in order to extend the loans. The business of the husband failed, and the bank initiated foreclosure proceedings. On the day before the planned foreclosure sale, the debtor filed a Chapter 11 petition. The Chapter 11 was filed so that the debtor could accomplish three objectives: (1) to exercise the powers of a bankruptcy trustee to set aside the deeds of trust on behalf of her creditors; (2) to continue to appeal the IRS ruling against her; and (3) to sell as much property as necessary to pay creditors. Within a week, the debtor filed an adversary proceeding to set aside the deeds of trust as fraudulent conveyances. The debtor then filed a plan of liquidation that provided that if the adversary proceeding against the bank was successful, the debtor proposed to sell property to pay creditors. If the IRS appeal was successful, she would still sell property, but not as much. The court found that the debtor had very little income, so it was clearly a liquidation case. The bank moved to dismiss the case on bad faith grounds.

      The bankruptcy court denied the motion, see In re Coleman, 275 B.R. 763, 770-71 (Bankr. W.D. Va. 2002), and the district court affirmed, see Coleman v. Cmty. Trust Bank (In re Coleman), 299 B.R. 780, 792 (W.D. Va. 2003). The Fourth Circuit affirmed the bankruptcy court's denial of the motion to dismiss, applying the Carolin test. See Coleman, 426 F.3d at 728.

The Fourth Circuit, quoting Carolin, explained that the requirement of both objective futility and subjective bad faith "is necessary to accommodate the various and conflicting interests of debtors, creditors, and the courts that are at stake in deciding whether to deny threshold access to Chapter 11 proceedings for want of good faith in filing." Coleman, 426 F.3d at 728 (quoting Carolin, 886 F.2d at 701). The Fourth Circuit also reiterated that "such a test . . . contemplates that it is better to risk proceeding with a wrongly motivated invocation of Chapter 11 protections whose futility is not immediately manifest than to risk cutting off even a remote chance that a reorganization effort so motivated might nevertheless yield a successful rehabilitation." Id. at 727-28 (quoting Carolin, 886 F.2d at 701). Further, since Carolin was decided, the Supreme Court, in Toibb v. Radloff, 501 U.S. 157 (1991), held that a debtor with no ongoing business could file a Chapter 11 petition. Coleman, 426 F.3d at 728.

In judging the objective futility of the Debtor's petition, this Court must decide whether the petition represents an objectively futile attempt to achieve the more general goal of resuscitating a financially troubled debtor. It is clear that this Court is not restricted to consideration of only a single method of reorganization. See In re Dunes Hotel Assocs., 188 B.R. 162, 170 (Bankr. D.S.C. 1995). The Court may consider any viable and effective method of reorganization, including full or partial liquidation. Section 1129(a) expressly permits a Chapter 11 plan to be a plan of liquidation. 11 U.S.C. § 1129(a).

The Court concludes that the Debtor's attempt to reorganize is not objectively futile. The value of the Debtor's assets significantly exceeds the IRS lien, so the Debtor could propose a viable plan of liquidation. The lien of the IRS on the Debtor's bank account remains in genuine dispute. The Debtor has brought the adversary proceeding with an actual belief that it has merit,

and the Court finds that the complaint is not frivolous. The Debtor also has actual creditors that would benefit if the Debtor prevails in the adversary proceeding. Without the use of its bank account, the Debtor may not be able to pay its secured creditor, Carolina Farm Credit, ACA. Further, if the Debtor had filed for relief under Chapter 7 instead of Chapter 11, a similar result could be achieved. See In re Coleman, 275 B.R. at 771. The Debtor could object to the proof of claim of the IRS and proceed with its efforts to seek relief from the alleged wrongful levy. A Chapter 7 trustee could seek to avoid the IRS lien for the benefit of the estate.

### IV. CONCLUSION

Because the IRS has failed to meet the first prong of the Carolin test, the Court does not need to decide whether the petition was filed in subjective bad faith. The Motion to Dismiss is denied.

The Motion to Dismiss seeks, in the alternative, relief from stay under Section 362(d)(2). That relief is also denied. The Debtor has substantial equity in the subject property, the lien of the IRS remains in genuine dispute, and the property is necessary to an effective reorganization. If the lien of the IRS is upheld, then the property may be used to satisfy the lien, so the IRS is adequately protected pursuant to Section 362(d)(1).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SCHOFIELD-JOHNSON, LLC | ) | Case No. 09-81347 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

**PARTIES IN INTEREST**

Schofield-Johnson, LLC

United States of America

Anne E. Blaess, Esq.

Dirk W. Siegmund, Esq.

W.Y. Alex Webb, Esq.